IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA NARED, | No. C 06-3375 SBA |
| Plaintiff. | **ORDER** |
| v. | |
| JO ANNE BARNHART, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Andrea Nared's ("Plaintiff") application to proceed *in forma pauperis* ("IFP application"). Having read and considered the IFP application, and being fully informed, the Court hereby DENIES WITHOUT PREJUDICE Plaintiff's IFP Application.

## **LEGAL STANDARD**

Federal courts must review a case filed *in forma pauperis* prior to service of process. 28 U.S.C. § 1915(e). An *in forma pauperis* complaint shall be dismissed if the allegation of poverty is not true, or if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). Thus, to obtain this privilege, a plaintiff must demonstrate, to the Court's satisfaction, his or her inability to pay the requisite fees and costs. *Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). The facts concerning the alleged poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The Court has discretion to make a factual inquiry into the plaintiff's financial status and to deny his request to proceed *in forma pauperis* where he is unable or unwilling to verify his poverty. *Id.* If the

1 Court determines that a plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C.
2 § 1915(e)(2)(A).

### ANALYSIS

4 In the instant IFP Application, Plaintiff, who has retained counsel, states that she is unemployed but receives welfare and social security income in unspecified amounts. Plaintiff further states that she incurs monthly expenses of approximately $700. Because the information that Plaintiff has provided does not set forth the specific amount of income Plaintiff receives, and does not clarify how Plaintiff is able to afford retained counsel if she cannot otherwise afford to pay the relevant court expenses, the Court is unable to conclude that Plaintiff has sufficiently demonstrated that she cannot pay court costs and still be able to provide herself with the necessities of life. However, if Plaintiff still wishes to proceed *in forma pauperis*, the Court will allow Plaintiff an opportunity to file an amended IFP application that addresses the Court's concerns and clearly and consistently sets forth, with the requisite detail, the circumstances of her financial status.

### CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's IFP Application is DENIED WITHOUT PREJUDICE. Plaintiff must file an amended IFP Application or pay the requisite filing fee **within thirty (30) days of the filing date of this Order** or this action will be dismissed without further notice to Plaintiff.

IT IS SO ORDERED.

Dated: 5/25/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

2