IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANDREA NARED, | No. C 06-3375 SBA |
| Plaintiff. | |
| v. | **ORDER**<br>[Docket No. 5] |
| JO ANNE BARNHART, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Andrea Nared's ("Plaintiff") amended application to proceed *in forma pauperis* ("Amended IFP Application"). Having read and considered the Amended IFP Application, and being fully informed, the Court hereby GRANTS Plaintiff's Amended IFP Application [Docket No. 5].

**LEGAL STANDARD**

Federal courts must review a case filed *in forma pauperis* prior to service of process. 28 U.S.C. § 1915(e). An *in forma pauperis* complaint shall be dismissed if the allegation of poverty is not true, or if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). Thus, to obtain this privilege, a plaintiff must demonstrate, to the Court's satisfaction, his or her inability to pay the requisite fees and costs. *Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). The facts concerning the alleged poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The Court has discretion to make a factual inquiry into the plaintiff's financial status and to deny his

request to proceed *in forma pauperis* where he is unable or unwilling to verify his poverty. *Id.* If the Court determines that a plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C. § 1915(e)(2)(A).

## **ANALYSIS**

### **I.    Allegations of Poverty**

In the Amended IFP Application, filed on June 12, 2006, Plaintiff states that her only monthly income is $322 from CalWorks welfare and $720 from Social Security income. The Amended IFP Application further states that Plaintiff has been able to retain counsel in this action through a contingency fee arrangement, and has not paid Mr. Arjo any funds. The filing fee and Plaintiff's monthly expenses combine to equal an amount greater than Plaintiff's total monthly income. Having considered the information provided by Plaintiff in both her initial IFP Application and her Amended IFP Application, the Court has concluded that Plaintiff has sufficiently demonstrated that she cannot pay court costs and still be able to provide herself with the necessities of life.

### **II.    Sufficiency of the Complaint**

Regardless of Plaintiff's allegations of poverty, the Amended IFP Application may be denied if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The court does not accept as true unreasonable inferences or conclusory allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *See Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.").

The complaint seeks judicial review of a decision by the Commissioner of Social Security, Jo Anne Barnhart, in which Plaintiff's claim for SSI disability benefits was denied. Plaintiff asserts that she was improperly denied these benefits because the Commissioner did not consider the impact of all of Plaintiff's limitations on her ability to perform basic work functions. Consequently, this complaint

2

1  appears to state a claim upon which relief can be granted.  In addition, there is no evidence to suggest
2  that the complaint is frivolous or malicious, and the complaint states that Plaintiff has exhausted all
3  administrative remedies prior to filing suit.  As a result, the complaint is sufficient for the purposes of
4  this Amended IFP Application.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiff's Amended IFP Application [Docket No. 5] is GRANTED.

IT IS SO ORDERED.

Dated: 6/30/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

3